,WILL OF ROSE: HAHN, Guardian, Appellant, vs. LEAHY, Trustee, Respondent.

*March 17—April 9, 1914.*

*Wills: Construction: Termination of trust: "Time of distribution."*

Under a will devising property in trust and, after making certain provisions as to payment of the income to a daughter-in-law (widow of a deceased son) and her two minor children, providing that upon the death or remarriage of said daughter-in-law the trustee should "pay, assign, transfer and set over unto my said two grandchildren the entire fund and estate," it is *held* that the marriage of the daughter-in-law terminated the trust and fixed the time for distribution of the trust estate, and, she having been appointed guardian of the persons and estate of the children, the trustee should turn over the property to her for them.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Proceedings involving construction of the will of Margaret E. Rose, which so far as needs to be examined is as follows:

"Fourth. All the rest, residue and remainder of my estate and property, of whatsoever name, nature, kind, title or description and wherever situated, I give, devise and bequeath to *William H. Leahy* and to his successor in trust, but in trust only, for the uses and purposes, as follows, to wit:

"(A) In his sound judgment and discretion to sell and convert into cash, any and all of my real estate, bearing in mind, however, the most favorable and advantageous time and opportunity therefor, and the best interests of my estate, and I do hereby for such purpose, empower and authorize said trustee and his successor in trust, to sell and convert my said real estate without first procuring license or permission from any court, and to execute and deliver deeds, instruments of transfer and other writings necessary to pass a proper title thereto to the purchaser or purchasers.

"(B) To invest and keep invested said trust estate during the period of said trust, and collect the income thereof as the same may accrue.

"(C) To pay all necessary expenses of said trust.

"(D) To pay the entire net income of said trust fund to my daughter-in-law, *Phœbe Ruby Blakeley,* until the younger of my said two grandchildren shall have become twenty-one years of age, provided my said daughter-in-law, *Phœbe Ruby Blakeley,* shall not have remarried, said income to be paid to my said daughter-in-law for the purpose of supporting herself, and supporting, educating and caring for my said two grandchildren.

"(E) Upon the arrival of the younger of my said two grandchildren at the age of twenty-one years, to pay two thirds of the net income of my said estate to my said granddaughters in equal shares, at as regular periods as possible; and to pay one third of the net income of my estate to my said daughter-in-law, *Phœbe Ruby Blakeley,* as long as she shall remain the widow of my deceased son.

"(F) Upon the death, or in the event of the remarriage of my said daughter-in-law, *Phœbe Ruby Blakeley,* to pay, assign, transfer and set over unto my said two grandchildren the entire fund and estate in the hands of said trustee in equal shares so that each child shall receive one half thereof, or in the case of the death of either of my two granddaughters leaving issue, to such issue by their right of representation; provided, that if either of my said two granddaughters shall die before the time of distribution without issue, that her share of my estate shall go and belong to her surviving sister; and provided further, that in case of the death of both of my two granddaughters before the time of distribution, and without issue, the entire income of my estate shall go to my daughter-in-law so long as she remains the widow of my deceased son, and after her death or remarriage, the entire property, fund and estate herein devised and bequeathed, shall go and belong to my brothers, Thomas Leahy, James Leahy and *William Leahy,* and to my sister, Mrs. M. E. Sweeney, and to their respective issue by right of representation."

The property willed in trust was duly assigned to the trustee in proceedings to settle the estate, April, 1912. *Phœbe Ruby Blakeley* was a daughter-in-law of the testatrix. She was a widow with two minor children,—Margaret and Harriet,—when the will was executed and until after assign-

ment to the trustee. Thereafter, June 10, 1912, she became the wife of O. C. Hahn. She was duly appointed guardian of her children, one being aged ten and the other eight years. Upon her marriage she demanded the trust property as such guardian. It was refused. Then she commenced proceedings in county court to compel the trustee to settle his account and to comply with such demand. In due course the county court decided that the second marriage terminated the trust, and ordered the trustee to account as to his doings with the trust property, and turn over what remained to the guardian. On appeal to the circuit court that decision was reversed, upon the theory that the trustee was empowered to hold and administer the property until the younger of the two grandchildren reached the age of twenty-one years, unless the trust should be sooner terminated by the death of both grandchildren without issue. Judgment was rendered accordingly.

For the appellant there was a brief by *Churchill, Bennett & Churchill,* and oral argument by *W. H. Churchill.*

For the respondent there was a brief by *Fiedler & Fiedler,* and oral argument by *E. C. Fiedler.*

Marshall, J. Did the second marriage terminate the trust and set the point of time for distribution of the trust fund? That is the question to be solved.

As above indicated, the proposition suggested was answered in the affirmative in the county court and in the negative by the circuit court. The plain terms of the will seem to support the answer as given in the county court.

"Upon the death, or in the event of the remarriage of my said daughter-in-law, . . . to pay, assign, transfer and set over unto my said two grandchildren the entire fund and estate . . . so that each shall have one half thereof," etc.

There is nothing ambiguous about that language. It is followed by two references to "the time of distribution." No such time as to the *corpus* of the trust estate is mentioned

·or suggested, except by the words "Upon the death, or in the ·event of remarriage of my said daughter-in-law," etc. Then .and not till then but then absolutely, the trust estate was intended to vest in right and enjoyment. . That is as the county ·court looked at the matter. Therefore, the judgment must be reversed, and the cause remanded for judgment affirming that of the county court and remanding the same to such ·court for execution.

*By the Court.*—So ordered.